**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-251-GCM
(3:02-cr-151-GCM-1)**

| | |
|---|---|
| ZAKELIA RASHON BLAKELY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Fourth Circuit. (3:11-cv-251, Doc. No. 18).

## I.   BACKGROUND

On May 7, 2002, Petitioner was indicted by the grand jury for the Western District on one count of conspiracy to possess with intent to distribute and distribution of cocaine and cocaine based, in an amount in excess of 50 grams, in violation of 21 U.S.C. §§ 846 and 841 (Count 1). In Count 4 of the indictment, Petitioner was charged with possession with intent to distribute cocaine base in an amount in excess of 50 grams, in violation of 21 U.S.C. § 841. The indictment further alleged that Petitioner committed the charged crimes after having been convicted in North Carolina of a felony drug offense on or about November 1, 2000. See 21 U.S.C. § 851 (providing for enhanced penalties based on prior felony drug offenses). In Count 5, Petitioner was charged with using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). (3:02-cr-151, Doc. No. 3: Indictment).

On December 4, 2002, Petitioner entered into a written plea agreement with the

1

Government and agreed to plead guilty to Counts 1 and 5 in exchange for the Government's agreement to dismiss Count 4. In addition, Petitioner agreed that the amount of cocaine base that was known or reasonably foreseeable to her was at least 50 grams. (Doc. No. 45). The plea agreement further provided that Petitioner had been informed that upon conviction on Count 1, Petitioner would be subject to a sentence of no less than 20 years and not more than life. On Count 5, Petitioner was informed that upon conviction she would subject to a sentence of no less than 5 years and no more than life imprisonment, with such term to run consecutively to any other sentence imposed. The agreement further provided that Petitioner agreed that she was waiving her right to challenge her sentence through a post-conviction proceeding. On December 12, 2002, Petitioner appeared with counsel and her plea of guilty was accepted.

The U.S. Probation Office prepared a presentence report (PSR) in advance of her sentencing hearing. Applying the 2002 edition of the Guidelines Manual, the PSR calculated that Petitioner's guideline range for Count 1 was 135 to 168 months' imprisonment, and the mandatory-minimum, consecutive term for Count 5 was noted. However, the PSR found that because the statutory mandatory minimum applied, the term of imprisonment for Count 1 was not less than 20 years and not more than life plus a term of not less than a 5-year consecutive term for Count 5. (Doc. No. 62: PSR ¶¶ 53-54).

On August 20, 2003, Petitioner appeared with counsel for her sentencing hearing. The Court sentenced Petitioner according to the statutory mandatory minimum to 240-months' imprisonment on Count 1 and a chose a consecutive sentence of 5-years' imprisonment for conviction on Count 5 for a total term of 300-months. (Doc. No. 57: Judgment in a Criminal Case). Petitioner did not file a direct appeal from this judgment.

On May 19, 2011, Petitioner filed a pro se motion to vacate, set aside or correct sentence

pursuant to 28 U.S.C. § 2255. (3:11-cv-251, Doc. No. 1). Petitioner argued that the Supreme Court's decision in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), entitled her to relief because this decision was retroactive to cases on collateral review. Petitioner contended that after applying the holding in this decision to her criminal case, her prior state drug conviction was no longer considered a felony. Consequently, as she contended, she was erroneously sentenced to a mandatory minimum term of 240 months for Count 1.

The Government was ordered to file an answer or response to the § 2255 motion and later filed a response opposing any relief and moved to dismiss the motion. The Government contended that Petitioner's motion was untimely, that any challenge to her sentence was waived in her plea agreement, and existing case law precluded relief. (Doc. Nos. 2, 4, 5).

The Court denied relief after finding that Petitioner's § 2255 motion was untimely because the Fourth Circuit had concluded, after she filed her § 2255 motion, that Carachuri was not retroactive to cases on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012). Petitioner's § 2255 motion was thereafter dismissed as untimely.

On January 7, 2013, Petitioner, by and through counsel, filed a motion to reconsider the Court's order denying relief. (Doc. No. 11).[1] Petitioner argued that she was entitled to have her sentence vacated and to be resentenced based on the holdings in Carachuri and Simmons, among other cases. (Doc. No. 11-1 at 1). Petitioner noted that she was sentenced to the mandatory minimum term of 240-months based on Fourth Circuit precedent which was considered valid at the time of sentencing. However, in light of subsequent decisions, Simmons in particular,

---

1 This district appointed the Federal Defenders of Western North Carolina to represent defendants convicted in this district to determine if they might be eligible for post-conviction relief based on the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). See (3:12-mc-92: Order of Appointment, filed May 22, 2012).

3

Petitioner argued that her prior felony drug offense is no longer considered a felony and therefore the use of the prior offense — a prior simple cocaine possession conviction from 1999 — cannot serve as a valid, predicate offense to support the mandatory minimum.

The Court reconsidered its previous decision based on the entry of counsel on behalf of Petitioner, but ultimately denied relief after again concluding that Fourth Circuit precedent precluded relief. The Court also denied Petitioner's alternative claims for relief under 28 U.S.C. § 2241, and the petitions for a writ of coram nobis and audita querela. (Doc. No. 15). Petitioner filed a notice of appeal to the Fourth Circuit and on June 7, 2013, the Fourth Circuit entered an order holding the appeal in abeyance pending the Court's decision in Miller v. United States, No. 13-6401 (4th Cir. 2013). (Doc. No. 17).

## II. DISCUSSION

### A. Miller v. United States

On August 21, 2013, the Court filed its opinion in Miller v. United States. In Miller, the Fourth Circuit considered a claim of actual innocence in a case of a defendant that was convicted of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g). The grand jury in the Western District indicted Miller for the § 922(g) offense after finding that he had been convicted of a crime that was punishable by more than one year in imprisonment. The record before the district court demonstrated that Miller had previous convictions in North Carolina for felony possession of cocaine, and the felony of threatening a court officer. Petitioner was sentenced to a term of 6 to 8 months' imprisonment for each conviction. The Court found that under North Carolina's Structured Sentence Act (SSA), the maximum sentence of imprisonment that Miller actually faced for either conviction was eight months based on his prior criminal record. Miller, 2013 WL 4441547, at *1 (citing N.C. Gen. Stat. § 15A-1340.17(c), (d)).

4

Miller was sentenced for the § 922(g) offense in the district court on October 22, 2008, and he did not file a notice of appeal. Petitioner's conviction became final for purposes of § 2255(f) in November 2008. On or about October 23, 2012, Miller filed a § 2255 motion in this district contending he was entitled to relief under Simmons. The district court denied relief after finding that the § 2255 motion was untimely and that current Fourth Circuit precedent foreclosed the retroactive application of the Simmons decision. However, the district court issued a certificate of appealability on this issue. (3:12-cv-701-RJC, Doc. No. 5).

On appeal, the Miller Court noted that at the time Miller was sentenced, his prior state convictions were properly classified as felonies under then-existing precedent. Id. at *2 (citing Harp v. United States, 406 F.3d 242, 246 (4th Cir. 2005)). However, the Court explained that the intervening decision in Simmons had expressly overruled Harp by holding that whether a prior conviction actually serves as a felony, and exposes a defendant to in excess of one year imprisonment, can only be determined by examining the individual defendant before the sentencing court, and not a hypothetical defendant with the worst possible criminal record. Id. at *2-3 ("In Simmons, this Court held that a defendant's prior conviction for which he could not have received more than a year in prison under North Carolina's mandatory [SSA], was not 'punishable' by more than one year in prison and is not a felony offense for purpose of federal law.") (Simmons, 649 F.3d at 243).[2]

The Court found that Miller, who had not been convicted of an offense for which he personally could have been sentenced to in excess of one year, did not appear to have the

---

[2] A "felony drug offense" is defined under 21 U.S.C. § 802(44) as "an offense punishable by imprisonment for more than one year under any law of the United States or a State . . ." A defendant's sentence for a federal drug offense may be enhanced under 21 U.S.C. § 851 if they are provided notice of the Government's intention to rely on a prior drug offense to support the enhancement, and that prior drug offense is in fact a felony.

5

predicate conviction to support his § 922(g) charge.

The Court next examined whether Miller was entitled to the retroactive application of the Court's en banc decision in Simmons. The Court found that "Simmons did announce a substantive rule when it applied Carachuri's principles and then narrowed the class of offenders and range of conduct that can be subject to punishment." Miller, __ F.3d at __, 2013 WL 4441547, at *5. The Court then concluded that the substantive rule announced in Simmons is retroactive to cases on collateral review. Miller's § 922(g) conviction was therefore vacated and his case was remanded to the district court with directions that his § 2255 motion to vacate his conviction be granted.

B. Petitioner's Section 2255 Proceeding

On October 28, 2013, the Fourth Circuit entered an Order remanding Petitioner's case to this Court for reconsideration of the § 2255 motion to vacate in light of Miller v. United States. On November 1, 2013, the Court ordered the Government to file a response noting its position on Petitioner's claim for relief. On November 5, 2013, the Government filed a timely response.

The Government has specifically agreed to waive the one-year statute of limitations under § 2255(f)(1) in this case. The response notes that the one-year time limitation is normally an affirmative defense which the Government must plead. (3:11-cv-251, Doc. 22 at 4-5). The Court observes that if the Government chooses to intentionally waive this defense then the district courts are not simply free to ignore such a decision. See Wood v. Milyard, 132 S. Ct. 1826, 1834-35 (2012) ("[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" (quoting Kontrick v. Ryan, 540 U.S. 443, 458 n.13 (2004) (internal citation omitted).[3] Therefore, the Court finds that the Government has made a knowing and deliberate waiver of this

---

3 The Government also declines to enforce Petitioner's decision to waive the right to contest the sentence in a post-conviction proceeding which is memorialized in the plea agreement. (3:11-cv-251, Doc. No. 22 at 5).

limitation defense. Accordingly, the Court will proceed to consider the merits of Petitioner's claim and the Government's response thereto.

The parties in this case agree that Petitioner could not have been sentenced to in excess of one year for her prior 1999 North Carolina drug conviction. The <u>Miller</u> decision has stated in no uncertain terms that the holding in <u>Simmons</u> is retroactive to cases on collateral review. The Government agrees that without reliance on the 1999 conviction, Petitioner would not have been subject to the mandatory minimum of 240-months' imprisonment and that her guideline range was well below the 20-year minimum. The Government further argues that although Petitioner was still sentenced to a term that was within the maximum authorized by law, her sentence nevertheless constitutes a miscarriage of justice because this Court was deprived of discretion to order a sentence less than what was then the mandatory minimum. <u>See</u> (Doc. No. 22: Government's Answer at 6-7) (citing <u>Hicks v. Oklahoma</u>, 447 U.S. 343 (1980) (finding that a defendant's rights under the due process clause are violated when a sentencing court is erroneously deprived of discretion in fashioning an appropriate sentence).

In sum, the parties appear to agree that <u>Miller</u>, and the order on remand, authorizes this Court to grant Petitioner's motion to vacate her sentence. For the reasons stated herein, and upon consideration of the Fourth Circuit's mandate, the Court finds that Petitioner's motion to vacate should be allowed.

### III.     CONCLUSION

**IT IS, THEREFORE ORDERED** that:

1.     Petitioner's motion to vacate her sentence under 28 U.S.C. § 2255 is **GRANTED**.

2.     All remaining provisions of Petitioner's criminal judgment shall remain unchanged pending further orders of this Court. (3:02-cr-151, Doc. No. 57).

3. Petitioner shall remain in the custody of the Federal Bureau of Prisons pending her resentencing hearing.

4. The U.S. Probation Office shall prepare a Supplemental Presentence Report in advance of Petitioner's resentencing hearing and file the same in the criminal case.

5. The Federal Defenders of Western North Carolina shall appoint counsel to represent Petitioner for the purpose of her resentencing hearing.

6. The Clerk of Court shall coordinate the date of the resentencing with Chambers.

7. The Clerk's Office shall notify the Petitioner, the U.S. Attorney, the Federal Defenders of Western North Carolina, the U.S. Marshals Service, and the U.S. Probation Office of the date of the resentencing hearing.

8. The parties shall file sentencing memorandum no later than two (2) weeks prior to the resentencing hearing.

The Clerk of Court is directed to certify copies of this Order to the Petitioner, the Federal Defenders of Western North Carolina, the U.S. Attorney, the U.S. Marshals Service and the U.S. Probation Office.

**IT IS SO ORDERED.**

Signed: November 6, 2013

Graham C. Mullen
United States District Judge